UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA,**

      v.              CR NO. 06-407M (JMF)

**WALTER DOTSON,**

    **Defendant.**

### DETENTION MEMORANDUM

This matter comes before me upon the application of the United States that the defendant be detained pending trial. After a hearing, the government's motion was granted, and this memorandum is submitted to comply with the statutory obligation that "the judicial officer shall—include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

### FINDINGS OF FACT

1. On September 23, 2006, at approximately 11:00 a.m., Officer Boteler of the Metropolitan Police Department entered the defendant's residence, located at 1706 Trinidad Avenue, N.E., Apartment #2, to execute a search warrant.

2. The apartment contained three bedrooms and one bathroom. Upon entering the apartment, the police found the defendant standing outside the bathroom. Several older individuals were in the living room and the defendant's girlfriend was in the bedroom identified by the defendant as his.

3. From the defendant's bedroom, in a plastic bag hidden above a ceiling tile, the

        police seized a Jennings .9 mm semi-automatic pistol. In a separate bag found within the bag with the gun, the police retrieved 11 rounds of ammunition. The gun later test-fired operative.

4.       From defendant's bedroom, the police also seized 35-40 grams of crack cocaine, which was located in the pocket of a men's jacket found near the bed. In addition, in another men's jacket, also in the pocket, the police seized 57 zip lock baggies with heroin, as well as approximately 5 additional grams of crack cocaine located on a ledge located above the bed, as well as 35 grams of crack cocaine, sealed in 3 individually wrapped packages. $3,649 in U.S. dollars was also retrieved from the defendant's bedroom.

5.       From the apartment, the police seized 100+ empty zip lock baggies as well as razor blades.

## REASONS FOR DETENTION

An examination of the factors required to be considered by 18 U.S.C. section 3142(g) compels the conclusion that there is clear and convincing evidence that defendant's release on any condition or combination of conditions will not reasonably assure the safety of the community and his detention is, therefore, appropriate.

## The Statutory Standard

Defendants who are charged with an offense for which a term of imprisonment of 10 years is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801 *et seq.*), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951 *et seq.*), or the Maritime Drug Law Enforcement Act (46 U.S.C. §§ 1901 *et seq.*) are eligible for pretrial detention. 18 U.S.C. §

3142(f)(1)(C). If there is probable cause to believe that the defendant committed an offense for which a maximum term of imprisonment of 10 years or more is prescribed in those three statutes, it is presumed that there is no condition or combination of conditions which will reasonably assure the appearance of the defendant and the safety of the community. 18 U.S.C. § 3142(e). In determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, the judicial officer is to consider:

1. The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

2. The weight of the evidence;

3. The history and characteristics of the person, including

    a. His character, physical and mental condition, family ties, employment, financial resources, length of residence in the community and community ties;

    b. Past conduct, history relating to drug or alcohol abuse;

    c. Criminal history;

    d. Record concerning appearance at court proceedings;

    e. Whether, at the time of the current offense or arrest, the person was on probation, parole, or on other release pending trial, sentencing, appeal or completion of sentence for an offense under Federal, State or local law;

4. The nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142.

An examination of these factors compels the conclusion that there is clear and convincing evidence that defendant's release on any condition or combination of conditions will not

reasonably assure the safety of the community and his detention is, therefore, appropriate.

**The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug.**  The offense charged clearly involves the possession of large quantities of two narcotic drugs–crack cocaine and heroin.

**Defendant's character, physical and mental condition, family ties, employment, financial resources, and length of residence in the community.**  The defendant is a lifelong resident of the District of Columbia.  He is single and has no children.  He has a sister living in the area.  He is self-employed doing home improvement-type work.

**The weight of the evidence.**  The weight of the evidence is overwhelming.  The defendant admitted to the police that the bedroom in which the drugs, money, firearm, and ammunition were seized was his.

**History relating to drug or alcohol abuse.**  There was no information as to this factor at the time of the writing of this Detention Memorandum.

**Record concerning appearance at court proceedings and prior criminal record.**  On 9/25/85, the defendant was convicted of distribution of marijuana and possession of PCP.  For the marijuana charge, the defendant received a 2 year suspended sentence with 2 years of probation.  For the PCP charge, the defendant received the same sentence.  The defendant's probation in this case closed unsuccessfully on 1/4/88.

On 4/5/88, the defendant was charged with an unspecified felony and received a sentence of 15 to 45 months.  Jail records indicate that the defendant was paroled on this charge on 7/13/92 and that his full term date was 10/2/93.

On 11/16/90, the defendant was convicted of possession of heroin.  He received a one

year sentence.

On 8/6/98, the defendant was charged with a violation of the Bail Reform Act. He received a sentence of 6 months to 2 years. According to DC probation and parole records, the defendant's supervision was administratively closed on 6/7/2000.

**Whether on probation or parole at the time of the present offense.** The defendant was neither on probation nor parole at the time of the current offense.

## CONCLUSION

A weighing of all the pertinent facts compels the conclusion that the defendant should be detained pending trial. The defendant admitted that the drugs, weapon, and cash were his. The numerous empty zip lock baggies and razor blades made it clear that the defendant was engaged in the wholesale distribution of both crack cocaine and heroin. He proffered nothing to rebut the presumption of his dangerousness created by the Bail Reform Act. I therefore find by clear and convincing evidence that there are no conditions or combination of conditions I could set which would reasonably assure the safety of the community. I will, therefore, order the defendant detained without bond pending trial.

                                                                                    _____
                                                                                    **JOHN M. FACCIOLA**
                                                                                    **UNITED STATES MAGISTRATE JUDGE**
**September 29, 2006**